UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EXUIS LOUIS,

       Plaintiff,

v.　　　　　　　　　　　　　　　Case No. 2:11-CV-679-FtM-29CM
　　　　　　　　　　　　　　　　Case No.　2:06-CR-4-FTM-29SPC
UNITED STATES OF AMERICA,

       Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #324)[1] and Petitioner's Memorandum Brief in Support (Cv. Doc. #3), both filed on December 1, 2011.  The government filed a Response in Opposition to Motion (Cv. Doc. #8; Cr. Doc. #329) on February 3, 2012. The petitioner filed a Reply (Cv. Doc. #9) on April 2, 2012.  For the reasons set forth below, the motion is denied.

**I.**

On January 18, 2006, a federal grand jury in Fort Myers, Florida returned a ten-count Indictment (Cr. Doc. #3) against Exuis Louis [petitioner or Louis] and codefendants Elex Pierre, Joseph

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

Johnson, Youwus Vilpre, and Jimmy Louisuis. The Indictment charged petitioner in four counts: Conspiracy to Possess with Intent to Distribute Fifty Grams or More of Cocaine Base, Crack Cocaine, in violation of 21 U.S.C. Sections 841(a)(1), 841(b)(1)(A)(iii) and 846 (Count One); Possession with Intent to Distribute Fifty Grams or More of Cocaine Base in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A)(iii) (Count Four); Maintaining Premises for the Purpose of Manufacturing and Distributing Cocaine Base, Crack Cocaine, in violation of 21 U.S.C. Sections 856(a)(1) and 856(b) (Count Five); and Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. Section 924(c)(1)(A)(i) (Count Six). A jury trial began on September 6, 2006, (Cr. Doc. #148), and the jury returned verdicts of guilty as to all four counts on September 14, 2006. (Cr. Doc. #168.)

On December 11, 2006, the Court sentenced petitioner to a term of imprisonment of 121 Months as to Count One, 121 Months as to Count Four, and 121 Months as to Count Five, all to be served concurrently with each other, and 60 months as to Count Six, to be served consecutively to the terms of imprisonment in Counts One, Four and Five, all to be followed by a term of supervised release. (Cr. Doc. #181.) Judgment (Cr. Doc. #190) was issued on December 14, 2006.

Petitioner appealed his conviction and sentence, (Cr. Doc.

#287), arguing the Court erred by: (1) allowing the jury to consider Ivane Camille's coerced and prejudiced testimony; (2) denying petitioner's motion to quash the indictment for failure to prove each element of the counts; (3) admitting hearsay and evidence that lacked foundation; (4) failing to consider the crack-cocaine disparity at sentencing; and (5) denying petitioner's motion to sever his trial from his codefendants' trials. (Br. Submitted on Behalf of Appellant/Def., Exuis Luis, United States v. Louisuis, 294 F. App'x 573, 577 (11th Cir. 2008), cert. denied, 555 U.S. 1194 (2009) (No. 06-16682).). The United States Court of Appeals for the Eleventh Circuit affirmed petitioner's conviction, but reversed his sentence and remanded for resentencing in light of Kimbrough v. United States, 552 U.S. 85 (2007). Louisuis, 294 F. App'x at 577.

At resentencing, petitioner sought relief pursuant to Amendment 706 of the United States Sentencing Guidelines pursuant to United States v. Stratton, 519 F.3d 1305, 1307 (11th Cir. 2008), (Cr. Doc. #268 at 2-3); for application of the safety valve provision of 18 U.S.C. Section 3553(f), (Cr. Doc. #268 at 3-6); and for acceptance of responsibility pursuant to United States Sentencing Guidelines § 3E1.1, (Cr. Doc. #268 at 6-7). The Court granted petitioner relief under Amendment 706 (Cr. Doc. #291 at 14), but refused to consider the safety valve and § 3E1.1 since the limited remand from the Eleventh Circuit did "not authorize

the Court to reconsider either. . . ." (Cr. Doc. #291 at 15.) The Court resentenced petitioner to a term of imprisonment of 120 Months as to Count One, 120 Months as to Count Four, and 120 Months as to Count Five, to be served concurrently to each other, and 60 Months as to Count Six to be served consecutively to the terms of imprisonment in Counts One, Four and Five, all to be followed by a term of supervised release. (Cr. Doc. #277.) Judgment (Cr. Doc. #282) was entered on December 24, 2008.

Petitioner again appealed his sentence, (Cr. Doc. #287), arguing that the Court erred by: (1) refusing to grant relief under the Section 3553(a) safety valve provision; and (2) imposing a consecutive 60 month sentence as to Count Six. United States v. Louisuis, No. 9-10068, 2010 U.S. App. LEXIS 5752, at *2 (11th Cir. Mar. 18, 2010) (per curiam), cert. denied, 131 S. Ct. 641 (2010). The Eleventh Circuit affirmed petitioner's sentence. Id. at *5-6. After a petition for certiorari was denied, petitioner filed this timely § 2255 motion.

## II.

Petitioner raises the following claims in his § 2255 motion: (1) petitioner's "trial counsel was constitutionally ineffective because he failed to move to suppress the crack cocaine and firearms used against [petitioner] as a result of his unlawful warrantless arrest in violation of the Fourth Amendment," (Cv. Doc. #3 at 10); (2) petitioner's "trial counsel rendered

ineffective assistance . . . where counsel failed to present codefendant, Pierre, as a witness in [petitioner's] defense," (Cv. Doc. #3 at 10); and (3) the Court was actually biased or gave the appearance of bias thereby violating petitioner's due process rights and/or 28 U.S.C. Section 455(b)(1) or (a). (Cv. Doc. #3 at 19-22.)

### A. Evidentiary Hearing

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715; see also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008); Winthrop-Redin v. United States, ___ F.3d ___ (11th Cir. 2014). Here, even when the facts are viewed in the light most favorable to petitioner, the record establishes that petitioner received effective assistance of counsel in this case and was not

deprived of due process. Therefore, the Court finds that an evidentiary hearing is not warranted in this case.

**B. Ineffective Assistance of Counsel**

**(1)   General Legal Principles**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); Padilla v. Kentucky, 559 U.S. 356, 366 (2010)).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Id. at 1088. A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland,

466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeal, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Hinton, 134 S. Ct. at 1089. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694) (internal quotation marks and citations omitted).

**(2) Ground One: Ineffective Assistance of Counsel Due to Failure to Seek Suppression of Crack Cocaine and Firearms**

Petitioner asserts that "trial counsel was constitutionally insufficient because he failed to move to suppress the crack cocaine and firearms used against [petitioner] as a result of his unlawful warrantless arrest in violation of the Fourth Amendment."

(Cv. Doc. #3 at 11.)  His arrest was unlawful, petitioner asserts, because the officer lacked probable cause to arrest him.  Id.  As petitioner concedes (Cv. Doc. #3 at 11), to succeed on an ineffective assistance of counsel claim premised on a Fourth Amendment violation, petitioner must prove that his underlying Fourth Amendment claim is meritorious.  Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).  The record establishes that petitioner's Fourth Amendment violation claim is not meritorious, and therefore trial counsel did not provide ineffective assistance in failing to file a motion to suppress.  The Fourth Amendment claim was not meritorious because petitioner's attempted detention and subsequent arrest were lawful, and, in any event, the seizure of the crack cocaine and firearms were not causally connected to petitioner's arrest.

The record establishes that investigators obtained a search warrant for Elex Pierre's apartment – Apartment #2304, 5210 Hemingway Circle, Naples, Florida, and executed it on July 29, 2005. Petitioner "ma[kes] no argument based on an invalid search warrant because he ha[s] no standing to challenge the search of the apartment." (Cv. Doc. #9 at 2.)  While investigators were executing the search warrant, petitioner arrived at the apartment and opened the front door with his own keys. (Cr. Doc. #226 at 890-98; Cv. Doc. #3 at 6.)  Officers attempted to detain petitioner, but he fled and after a chase was arrested for

- 8 -

resisting a law enforcement officer with violence, and/or battery on an officer, pursuant to Florida Statute Sections 843.01 and 784.07(1), respectively.  Petitioner asserts that he ran because he believed the officer was a masked robber, and therefore his arrest was unlawful.  The crack cocaine and firearms were seized by the officers in the apartment while executing the search warrant.  (Cr. Doc. #224 at 413.)

Petitioner's claim of a Fourth Amendment violation is without merit.  First, the seizure of the crack cocaine and firearms was pursuant to the search warrant, not the result of petitioner's arrest.  The search of the apartment had started prior to petitioner arriving at the apartment and continued after he fled.  The items were seized from the apartment, not from petitioner.  During trial, several witnesses testified that during the search, the following controlled substances were seized: cocaine (Cr. Ex. ## 10-A, 18A, 36A, 38A); crack cocaine (Cr. Ex. ## 11A, 12, 13A, 14A, 32, 33, 48A); marijuana (Cr. Ex. ## 30A, 37A, 52A); drug manufacturing and distribution paraphernalia (Cr. Ex. ## 6-7, 26, 27B, 28, 34, 35, 37B, 39); a bulletproof vest (Cr. Ex. #43); two assault rifles (Cr. Ex. ## 44, 45A); three handguns (Cr. Ex. ## 29A, 31, 49A); magazines and ammunition (Cr. Ex. ## 29B, 40, 49B); and approximately $6,000 cash. (Cr. Ex. #21.)  Accordingly, even if unlawful, any conduct associated with petitioner's arrest could not have supported the exclusion of the crack cocaine and firearms

because their seizure was not a by-product of petitioner's arrest and would not have deterred future unlawful conduct. Davis v. United States, 131 S. Ct. 2419, 2426 (2011); Herring v. United States, 555 U.S. 135, 137 (2009).

Second, there was no unlawful conduct by the officers because the attempt to detain petitioner was lawful under Michigan v. Summers, 452 U.S. 692 (1981). Petitioner arrived at the apartment and opened the front door with his own keys while investigators were executing the search warrant. (Cr. Doc. #226 at 890-98; Cv. Doc. #3 at 6.) Under these circumstances, it was reasonable for the investigators to conclude that petitioner was an occupant of the apartment and to detain him at the apartment's threshold. See Bailey v. United States, 133 S. Ct. 1031, 1042 (2013). Additionally, since petitioner possessed a key to and attempted to enter an apartment, where investigators were then searching for drugs, the investigators had a sufficient factual basis to detain petitioner under Terry v. Ohio, 392 U.S. 1, 30-31 (1968). In either circumstance, petitioner's flight justified the officer's pursuit and arrest after petitioner violently resisted the investigators who were trying to detain him. (Doc. 226 at 849, 896-99.) Thus, when the investigators caught petitioner, they had probable cause to arrest him pursuant to Florida Statute Section 843.01, which states that "[w]hoever knowingly and willfully resists, obstructs, or opposes any officer . . . by offering or

doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree . . . ."

Accordingly, petitioner's assertion that the crack cocaine and firearms found at the apartment should have been suppressed as fruit of a wrongful arrest is without merit because there was no unlawful arrest and the seizure of the evidence was not the fruit of the warrantless arrest. Trial counsel was not ineffective for failing to file a frivolous motion to suppress. See Ladd, 864 F.2d at 109-10; Winfield, 960 F.2d at 974.

### (3) Ground Two: Failure to Call Codefendant, Elex Pierre, as a Witness

Petitioner alleges that trial counsel rendered ineffective assistance by failing to call codefendant Elex Pierre as an exculpatory witness at trial. (Cv. Doc. #3 at 10.) Petitioner submits a post-conviction affidavit of Pierre, which states in pertinent part:

> Apartment 5210 Hemingway Circle #2304 in Naples, FL. and 2615 Andrews Dr. was maintained by me. Drugs and firearms stated prior and during the indictment belong to me. I acted alone in my illegal activitys. [sic] Jimmy Louisuis, Exuis Louis had no knowledge of my activity nor did they know I had guns in the apartment, or house.

(Cv. Doc. #3 at 23.) Petitioner asserts that Pierre's testimony "would surely have rebutted the only witness, Ms. Camille, who gave incriminating testimony against Louis", (Cv. Doc. #3 at 17), and therefore his attorney provided ineffective assistance by failing to call Pierre as a trial witness. The Court disagrees.

"Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision that will seldom, if ever, serve as grounds to find counsel constitutionally ineffective." Conklin v. Schofield, 366 F.3d 1191, 1204 (11th Cir. 2004). Further, to establish ineffective assistance of counsel, petitioner must prove both (1) the substance of the witness's missing testimony and (2) the availability of the witness. See Pennington v. Beto, 437 F.2d 1281, 1285 (5th Cir. 1971)[2]; cf. United States v. Harrell, 737 F.2d 971, 976 (11th Cir. 1984) ("The defendant who asserts a need for a co-defendant's testimony must establish the following predicate to demonstrate compelling prejudice requiring severance: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed.").

The record establishes that Elex Pierre was not available to testify on behalf of petitioner.  The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself . . . ."  U.S. Const. amend. V.  As a codefendant in the instant trial, Pierre had the right not to testify, and he exercised that right at the trial.  (Cr. Doc. #228

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

at 1402.) In his 2255 Motion, Memorandum and Reply, petitioner presents no evidence that Pierre was willing to waive his Fifth Amendment right against self-incrimination if counsel had called him to testify on petitioner's behalf. While petitioner asserts that his Sixth Amendment right to call witnesses trumps a co-defendant's Fifth Amendment privilege (Cv. Doc. #9 at 4), this is simply not the law.

Accordingly, petitioner cannot show that counsel's failure to call Pierre to testify was either deficient performance or prejudicial to petitioner's defense. Petitioner's second ineffective assistance claim therefore lacks merit. See Strickland, 466 U.S. at 697.

**(4) Ground Three: Actual and Apparent Bias by the Court**

In Ground Three, petitioner alleges that the Court violated his constitutional due process right to a fair trial by failing to apply the safety valve at his re-sentencing due to the Court's racial bias. (Cv. Doc. #3 at 22-23.) Petitioner asserts that the Court's racial bias is established because in a similar case involving a white male, United States v. Stratton, 2:03-CR-24-FTM-29DNF, 2008 WL 4372823, at *1 (M.D. Fla. Sept. 24, 2008), the Court did apply the safety valve under similar circumstances. (Cv. Doc. #3 at 22.) In the alternative, petitioner asserts that the actual or apparent bias demonstrated by the racial disparity in the application of the Section 3553(f) safety valve obligated the Court

to recuse itself under 28 U.S.C. § 455(b)(1) or (a).  (Cv. Doc. #3 at 22.)  Petitioner did not previously raise either claim on appeal.  See Louisuis, No. 9-10068, 2010 U.S. App. LEXIS 5752.

"It is axiomatic that '[a] fair trial in a fair tribunal is a basic requirement of due process.'"  Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 876 (2009) (quoting In re Murchison, 349 U.S. 133, 136 (1955)).  Due process requires "a judge with no actual bias against the defendant or interest in the outcome of his particular case." Bracy v. Gramley, 520 U.S. 899, 905 (1997) (citing Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 821-22 (1986); Tumey v. Ohio, 273 U.S. 510, 523 (1927)).  "As the Court has recognized, however, 'most matters relating to judicial disqualification [do] not rise to a constitutional level.'"  Id. at 876 (quoting FTC v. Cement Inst., 333 U.S. 683, 702 (1948)). "[T]here is no Supreme Court decision clearly establishing that an appearance of bias or partiality, where there is no actual bias, violates the Due Process Clause or any other constitutional provision." United States v. Rodriguez, 627 F.3d 1372, 1381 (11th Cir. 2010) (quoting Hendrix v. Sec'y, Florida Dep't of Corr., 527 F.3d 1149, 1153 (11th Cir. 2008)).  However, a high "probability of actual bias rises to an unconstitutional level."  Caperton, 556 U.S. at 2265.

When the Constitution is not implicated, a petitioner may still seek retroactive recusal pursuant to section 455(b)(1) by

showing "that the judge *actually* has a personal bias or prejudice concerning a party[.]" Curves, LLC v. Spalding Cnty., Ga., 685 F.3d 1284, 1288 (11th Cir. 2012) (alteration and emphasis in original) (quoting United States v. Amedeo, 487 F.3d 823, 828 (11th Cir. 2007)) (internal quotation marks omitted). Similarly, "section 455(a) requires recusal where an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Id. at 1287; see 28 U.S.C. § 455(a) (2012) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

Under the Due Process Clause and Section 455, bias "connote[s] a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate,* either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree . . . ." Liteky v. United States, 510 U.S. 540, 550 (1994). As a threshold, a petitioner may prove bias by showing that a judge relied on "an extrajudicial source; and [a petitioner] *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id. at 555 (emphasis in original). Nonetheless, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell

Corp., 384 U.S. 563, 583 (1966)). "In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." Id. at 555.

At petitioner's resentencing hearing, this Court stated as follows:

> The remand from the Eleventh Circuit was a limited remand to consider Kimbrough. In my view, it does not authorize the Court to reconsider either safety valve or acceptance of responsibility. If those were issues, those should have been raised at the original sentence in the case, and the Court is not going to reopen any part of the sentence other than the Kimbrough issue and the Amendment 706. Therefore, in the Court's view, the guideline range is 120 to 121 months.

(Cr. Doc. #291 at 15.) In his second appeal, petitioner challenged the Court's refusal to apply the Section 3553(f) safety valve at his re-sentencing. Louisuis, 2010 U.S. App. LEXIS 5752 at *4-6. The Eleventh Circuit held that "[t]he district court did not err by refusing to consider Louisuis's and Louis's requests for relief under the safety valve and for a reduction for acceptance of responsibility." Id. at *5. The Eleventh Circuit explained that its mandate to the Court was limited and "did not permit the [Court] to revisit whether Louisuis and Louis were entitled to relief under the safety valve or a reduction for acceptance of responsibility." Id. at *5-6. Thus, the failure to give

- 16 -

petitioner safety valve consideration was not because of judicial bias, but because as a matter of law the Court was not allowed to consider it.

Additionally, petitioner's case is not similarly situated to Stratton. Two remands for re-sentencing were involved in Stratton. The Eleventh Circuit reversed and remanded the initial sentence because the District Court enhanced Stratton's sentence under a mandatory guideline system on the basis of factual findings not made by a jury or admitted by Stratton, thus violating his Sixth Amendment rights as set forth in the intervening decision of United States v. Booker, 543 U.S. 220 (2005). The Eleventh Circuit remanded for re-sentencing in light of Booker. United States v. Thompson, 422 F.3d 1285, 1302 (11th Cir. 2005). At the re-sentencing, defendant qualified for safety valve consideration, which he was given. The sentence was affirmed by the Eleventh Circuit. United States v. Stratton, 205 F. App'x 791 (11th Cir. 2006). The Supreme Court vacated and remanded the Eleventh Circuit decision in light of Kimbrough v. United States, 552 U.S. 85 (2007). The Eleventh Circuit in turn remanded to the district court "for the limited purpose of resentencing Stratton in light of Kimbrough[,]" and did not authorize this Court to reconsider "other issues already decided or necessarily decided during [Stratton's] two prior sentencings that either were affirmed on direct appeal or could have been, but were not, raised by him

during his direct appeals." United States v. Stratton, 519 F.3d 1305, 1307 (11th Cir. 2008). Because Stratton had previously received safety valve consideration, this was continued at the second remand.

On the other hand, Petitioner first requested relief under the safety valve (Cr. Doc. #268) when the Eleventh Circuit granted a narrow remand for resentencing in light of Kimbrough. Louisuis, 294 F. App'x at 577. At that time, the Court was not free to release the safety valve because of the limited scope of the Eleventh Circuit's order. United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003) ("If the appellate court issues a limited mandate, however, the trial court is restricted in the range of issues it may consider on remand."). Thus, divergent facts, not bias, underlie the Court's actions on remand. Accordingly, petitioner's allegations are without merit.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #324) is **DENIED.**

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of October, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Petitioner